```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YISEL MARSHALL,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :     MEMORANDUM & ORDER
                    v.                                      :     19-CV-7235 (WFK)
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                              Defendant.                    :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Yisel Marshall ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Disability Insurance Benefits ("DIB"). Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 10, 12. For the following reasons, Defendant's motion is **GRANTED**, and the Court **AFFIRMS** the determination of the Social Security Administration.

## PROCEDURAL HISTORY

On September 10, 2015 Plaintiff filed an application for DIB, alleging disability since February 13, 2015. Administrative Record ("Tr.") at 15, ECF No. 14. Her claim was denied, and Plaintiff requested an administrative hearing. *Id.* at 74–78, 80–81. A hearing was held on November 30, 2018 before Administrative Law Judge ("ALJ") Jason Miller. *Id.* at 32–62. Plaintiff provided testimony along with a vocational expert ("VE"). *Id.* In a decision dated March 26, 2019, ALJ Miller determined Plaintiff was not under a disability. *Id.* at 15–27. Plaintiff requested review by the Appeals Council, which was denied on December 13, 2019. *Id.* at 1–3. This was the Commissioner's final act.

## STATEMENT OF FACTS

The evidence in this case is undisputed, and the Court adopts Defendant's factual recitation. Mem. of Law in Supp. of Def.'s Cross-Mot. for J. on the Pleadings at 2–19, ECF No. 13 ("Def. Mem.").

## STANDARD OF REVIEW

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted). The reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

The Commissioner, not the courts, "weigh[s] the conflicting evidence in the record" and resolves such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his

ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

### I. Determination of Disability

#### A. Applicable Law to Determine DIB Eligibility

"To be eligible for disability insurance benefits, an applicant must be 'insured for disability insurance benefits.'" *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989) (quoting 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1)). Generally, an applicant must apply for benefits during the period in which she satisfies these earning requirements. *Hartfiel v. Apfel*, 192 F. Supp. 2d 41, 42 n.1 (W.D.N.Y. 2001) (Larimer, J.). If the applicant does not apply for benefits during this period, she may still obtain benefits if she has been under a continuous period of disability that began when she was eligible to receive benefits. *Id.*

For purposes of DIB, disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

To evaluate a disability claim, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 404.1520. *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step is to determine whether the

claimant has a "severe medically determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform past relevant work, the fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and vocational considerations—work experience, age, and education. *Id.* § 404.1520(a)(4)(v). The claimant bears the burden of proving the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *Rosa v. Callahan*, 168 F.3d 72, 77–78 (2d Cir. 1999).

### B. Applicable Standards to Evaluate the Evidence

In making a disability determination, "[t]he ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370–71 (2d Cir. 2012) (summary order)). When there is conflicting evidence in the record, courts defer to the ALJ's resolution of those conflicts. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). Every medical opinion received will be evaluated, and an ALJ generally should "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of medical source who has not examined [the claimant]." 20 C.F.R.

4

§ 404.1527(c)(1). Moreover, the ALJ need not seek additional information "where there are no obvious gaps in the administrative record." *Rosa*, 168 F.3d at 79 n.5.

### C. The ALJ's Decision

On March 26, 2019, the ALJ issued a decision following the five-step procedure and denied Plaintiff's claim. Tr. at 12–19. First, the ALJ determined Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since February 13, 2015. *Id.* at 18. Second, he found Plaintiff had medically determinable impairments of status-post adenocarcinoma with residual body pains and gastroesophageal reflux disease. *Id.* Third, the ALJ found, after review of the record, Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in Appendix 1 of 20 C.F.R. Part 404, Subpart P. *Id.* at 20. The ALJ determined Plaintiff has the RFC to perform light work[1] with the condition she can only occasionally stoop or bend. *Id.* At the fourth step, the ALJ determined Plaintiff is capable of performing past relevant work as an automobile rental clerk. *Id.* at 26. Accordingly, the ALJ determined Plaintiff was not under a disability. *Id.* at 27.

## II. The ALJ's Determination is Supported by Substantial Evidence

Plaintiff argues ALJ Miller's decision is not supported by substantial evidence. Mem. of Law in Supp. of Pl. Mot. for J. on the Pleadings at 6–11, ECF No. 11 ("Pl. Mem.").

### A. RFC of Light Work Supported by Substantial Evidence

The ALJ's determination Plaintiff was capable of performing light work is supported by substantial evidence. Plaintiff specifically argues the opinions of Drs. Nickens and Mushyakov

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567.

5

stated Plaintiff lacked the capacity for light work and thus, in making an RFC determination of light work, the ALJ improperly substituted his opinion for that of medical experts. *Id.* at 8–9. The Court disagrees.

The ALJ properly considered the opinions of Drs. Nickens, Tr. at 422–32, and Mushyakov, *id.* 336–67, and was entitled to weigh the medical statements provided by those doctors with the other medical evidence in the record. *Clark*, 143 F.3d at 118. The ALJ made specific findings regarding why elements of Dr. Nickens' and Dr. Mushyakov's determinations were given little weight. *See, e.g.*, *id.* at 25 ("The findings of Dr. Nickens with regard to abdominal tenderness are not consistent with other findings throughout this record, and may represent an intermittent flare-up of a condition that is not yet documented clinically."). In doing so, ALJ Miller "set forth with sufficient specificity" the crucial factors of his determination. *Calzada*, 753 F. Supp. 2d at 268–69.

Plaintiff also argues the ALJ improperly relied on the determination Dr. Thukral's finding of "mild" limitations. Pl. Mem. at 9–10 (citing *Curry v. Apfel*, 209 F.3d 117, 123 (2d Cir. 2000)). Unlike the ALJ in *Curry*, ALJ Miller had the benefit of "additional information . . . to make the necessary inference," in the form of consistent clinical observations, Tr. at 369–413. 209 F.3d at 123. ALJ Miller did not adopt Dr. Thukral's determination whole cloth but instead engaged in a thorough analysis of all the medical evidence in order to reach his determination. Tr. at 20–26; *see also* 20 C.F.R. § 404.1520b(b)(1).

### B. ALJ Reached a Proper Determination Regarding Plaintiff's Depression

Plaintiff also argues the ALJ erred in concluding Plaintiff's mental condition of depression was not a severe impairment at step two of the analysis. Pl. Mem. at 11–12. The Court disagrees. On receiving medical records just prior to the hearing, which indicated Plaintiff was undergoing mental health treatment the ALJ arranged psychiatric consultative examinations

6

of Plaintiff, as appropriate under 20 C.F.R. § 404.1512(b).  Tr. at 15–16.  The ALJ appropriately concluded Plaintiff's mental health treatment records supported the findings of Dr. Santarpia, the consultative examiner.  *Id.* at 19–20, 393 (treatment record noting "depression controlled" with medication), 414–18 (finding psychiatric problems do "not appear to be significant enough to interfere with the claimant's ability to function on a daily basis.").  The ALJ specifically considered the four broad areas of mental functioning as well as the opinion of Dr. Tusher.  *Id.* at 19–20.  In evaluating this medical evidence, the ALJ appropriately considered all the factors, 20 C.F.R. § 404.1527(c)(2)(i)–(ii), in reaching his determination.  Tr. at 18–20.  After a close review of the record, the Court finds there was substantial evidence to support the ALJ's determination Plaintiff's depression was not a severe impairment under 20 C.F.R. 404.1520(c).

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 12, is GRANTED and Plaintiff's motion for judgment on the pleadings, ECF No. 10, is DENIED.  The Court hereby AFFIRMS the decision of the Social Security Administration.  The Clerk of Court is respectfully directed to terminate all pending motions and close this case

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2020
       Brooklyn, New York